**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7249
Facsimile: (866) 431-3292

*Attorneys for Plaintiff*,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIEYSHA WHITE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CENTRAL CREDIT, INC.,<br><br>Defendant. | **Case No.:** 19-cv-213 LAB (JLB)<br><br>**PLAINTIFF NIEYSHA WHITE'S MOTION TO STRIKE DEFENDANT CONTINENTAL CENTRAL CREDIT, INC.'S AFFIRMATIVE DEFENSES**<br><br>**DATE:** April 29, 2019<br>**TIME:** 11:30 A.M.<br>**COURTROOM:** 14A<br><br>**HONORABLE LARRY A. BURNS** |

## I. INTRODUCTION

In responding to Plaintiff NIEYSHA WHITE's ("White") Complaint, Defendant CONTINENTAL CENTRAL CREDIT, INC. ("CCC") filed an Answer (ECF No. 7) ("Answer"), containing numerous "Affirmative Defenses." [*See* Answer, 9:1-15:4]. Pursuant to Fed. R. Civ. P. 12(f), White moves to strike these Affirmative Defenses from CCC's Answer on the grounds that CCC has attempted to allege defenses which are not actually defenses, and defenses that are not pled with sufficient particularity to provide White with "fair notice." Moreover, the pleadings fail to raise the alleged defenses beyond the speculative level. Thus, each affirmative defense should be struck.

## II. LEGAL STANDARD

"An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's…claims, even if all allegations in the complaint are true." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910, at *5 (C.D. Cal. Nov. 6, 2017) citing to *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). "An affirmative defense is insufficient if it fails to give the plaintiff 'fair notice' of the nature of the defense." *Smith v. Cobb*, 2017 U.S. Dist. LEXIS 144328, at *5 (S.D. Cal. Sep. 5, 2017); *see also Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). "Motions to strike are appropriate when a defense is insufficient as a matter of law or as a matter of pleading." *Gencarelli v. Twentieth Century Fox Film Corp.*, 2018 U.S. Dist. LEXIS 5375, *4 (C.D. Cal. Jan. 11, 2018). The pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) apply to affirmative defenses. *Wang v. Golf Tailor, LLC*, 2017 U.S. Dist. LEXIS 182839, at *10-12 (N.D. Cal. Nov. 3, 2017). The key determination is whether the plaintiff has received fair notice of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the affirmative defense. *Id*. (internal quotations omitted); *see also Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Pursuant to Federal Rule of Civil Procedure 12(f), an affirmative defense that fails to meet this standard may be struck. *See Barnes*, 718 F. Supp. 2d at 1170-71. *Polk, et al v. Legal Recovery Law Offices, et al*, 291 F.R.D. 485 (S.D. Cal 2012) (striking every affirmative defense in an FDCPA case for failure to provide "fair notice"); *see also Vogel v. OM ABS, Inc.*, 2014 U.S. Dist. LEXIS 11821 (C.D. Cal. 2014). Fair notice requires that the defense asserted be described in general terms. *Kohler v. Flava Enters.*, 779 F.3d 1016, 1019 (9th Cir. 2015).

The purpose behind a Rule 12(f) motion to strike is "to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Wang*, 2017 U.S. Dist. LEXIS 182839, at *11 quoting *Rosales v. FitFlip USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012).

Additionally, and in line with the aforementioned rules, Federal Rule of Civil Procedure 8(c) governs the pleading of affirmative defenses, which entitles plaintiff to fair notice of each defense and the grounds supporting it. *Grunley Walsh U.S., LLC v. Raap*, 2009 U.S. Dist. LEXIS 38609 (E.D. Va. May 6, 2009), citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PRCEDURE § 1274 (3d ed. 2004). Therefore, as discussed in detail below, White respectfully requests that the Court strike each and every one of CCC's Affirmative Defenses because said affirmative defenses either fail to provide White with the requisite notice; or, they are simply not an affirmative defense.

### III. ARGUMENT

CCC's "affirmative defenses" should be struck because the matters asserted in CCC's Answer either do not constitute valid affirmative defenses or do not

provide "fair notice" to White. Moreover, White is prejudiced by these affirmative defenses since they will necessitate additional written discovery in the form of Requests for Admissions, Interrogatories, and Requests for Production of Documents for each alleged affirmative defense as well as unnecessary topics of examination during depositions. In fact, seeking facts that support each of the twenty-nine affirmative defenses alone will exceed the 25 interrogatory limit without even permitting White to focus on the merits of this action. *See* Federal Rule of Civil Procedure 33(a)(1).

Moreover, said affirmative defenses may also lead to confusion at trial if not struck at this stage. Allowing these unsubstantiated affirmative defenses to proceed will increase the special jury instructions and confuse the jury as to which claims, and defenses are actually at issue. Thus, each affirmative defense should be struck.

## A. CCC's "Affirmative Defenses" That Are Not Actually Affirmative Defenses Should Be Struck

An affirmative defense that "points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Smith*, 2017 U.S. Dist. LEXIS 144328, at *7 (internal quotations omitted). To the contrary, "[a]n affirmative defense is one that precludes liability even if all of the elements of a plaintiff's claim are proven." *Neylon v. Cty. Of Inyo*, 2017 U.S. Dist. LEXIS 137212, at *8 (E.D. Cal. Aug. 25, 2017).

First, CCC alleges multiple affirmative defenses that simply do not qualify as affirmative defenses. Specifically, CCC's

- First Affirmative Defense: Failure to State a Claim (Answer, 9:1-6);
- Second Affirmative Defense: Compliance with Statute (Answer, 9:7-11);
- Fourth Affirmative Defense: Reasonableness and Good Faith (*Id.*, 9:17-25);

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Fifth Affirmative Defense: Lack of Reasonable Care (*Id.*, 10:2-6);
- Sixteenth Affirmative Defense: Actions Were Proper and Did Not Violate FDCPA (*Id.*, 12:16-19);
- Twentieth Affirmative Defense: FDCPA Damages are Limited (*Id.*, 13:12-17);
- Twenty-Fourth Affirmative Defense: Rosenthal Act Damages are Limited (*Id.*, 14:5-8);
- Twenty-Sixth Affirmative Defense: Communications Were True (*Id.*, 14:5-8);
- Twenty-Eighth Affirmative Defense: No Malice (*Id.*, 21-23); and,
- Twenty-Ninth Affirmative Defense: Actions Were Proper and Did Not Violate Rosenthal Act (*Id.*, 15:1-5).

For the reasons discussed below, each of these affirmative defenses should be struck because none of them "preclude[] liability even if all of the elements of [White's] claim are proven." *Neylon*, 2017 U.S. Dist. LEXIS 137212, at *8.

**1. Failure to State a Claim:** Failure to state a claim is a defect in plaintiff's claim; it is "not an additional set of facts that would bar recovery notwithstanding plaintiff's valid prima facie case." *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). As such, the Honorable James V. Selna recently noted that such a claim does not constitute an affirmative defense and should be struck as a result. *See Sims v. Peak Legal Advocates*, No. SACV18-1199 JVS (KESx), 2018 U.S. Dist. LEXIS 196245, at *6 (C.D. Cal. 2018) citing to *Roland Corp. v. Inmusicbrands, Inc.*, No. 16CV-6256 CBM (AJWx), 2017 U.S. Dist. LEXIS 17571, at *2 (C.D. Cal. 2017); *Advanced Transit Dynamics, Inc. v. Ridge Corp.*, No. CV15-1877 BRO (MANx), 2015 U.S. Dist. LEXIS 18356, at *2 (C.D. Cal. 2016). Thus, White requests this Court strike this affirmative defense.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**2. Compliance with Statute; 16. Actions Were Proper and Did Not Violate FDCPA; 26. Communications Were True; and, 29. Actions Were Proper and Did Not Violate Rosenthal Act:** These affirmative defenses simply negate White's claims and are not affirmative defenses as a result. *See JP Morgan Chase Bank Nat'l Ass'n v. PMC Bancorp.*, No. CV12-6810 RGK (CWx), 2013 U.S. Dist. LEXIS 198021, at *3-4 (C.D. Cal. Feb. 26, 2013) citing to *Zjvkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("The remainder of Defendant's affirmative defenses are legally baseless…Defendant pleads defenses such as 'Failure of Consideration' and 'Full Performance.' Such defenses are denials Plaintiff's prima facie case, and are therefore negative defenses improperly raised as affirmative defenses."). Thus, these Affirmative Defenses should be struck as well.

**4. Reasonableness and Good Faith; 5. Lack of Reasonable Care; and, 28 No Malice:** CCC also states that CCC acted reasonably and/or in good faith. [Answer, 9:17-25]. On the other hand, CCC also states that White lacked reasonable care. [*Id*., 10:2-6]. Finally, CCC states that CCC did not act with malice. [*Id*., 14:21-23]. However, both the FDCPA; and, RFDCPA are strict liability statutes. *See Branco v. Credit Collection Servs.*, 2011 U.S. Dist. LEXIS 94077, 26 (E.D. Cal. Aug. 23, 2011); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *Gordon v. Credit Bureau of Lancaster & Palmdale*, 2012 U.S. Dist. LEXIS 72868, 4 (C.D. Cal. Apr. 20, 2012). As such, these are not affirmative defenses since none of the allegations absolve CCC of liability. Thus, these Affirmative Defenses should also be struck.

**20. FDCPA Damages are Limited; and, 24. Rosenthal Act Damages are Limited:** CCC asserts as an affirmative defense that the damages available to White pursuant to the FDCPA; and, RFDCPA are limited. [*See* Answer, 13:12-17; and, 14:14-16]. As noted above, "[a]n affirmative defense is one that precludes

liability even if all of the elements of a plaintiff's claim are proven." *Neylon v. Cty. Of Inyo*, 2017 U.S. Dist. LEXIS 137212, at *8 (E.D. Cal. Aug. 25, 2017).  Here, the size of White's damages has nothing to do with CCC's ultimate liability.  This bare statement of law should be struck as a result.

**23. Preemption:** CCC also wrongly contends that White's federal claim, the FDCPA, preempt White's state law claim, the RFDCPA.  [Answer, 14:1-4].  However, this affirmative defense should be struck because "[t]he FDCPA does not preempt the RFDCPA…" *Edstrom v. All Servs. & Processing*, No. 04-cv-1514 BZ, 2005 U.S. Dist. LEXIS 2773, at *17 (N.D. Cal. 2005) citing to *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

### B. CCC'S "AFFIRMATIVE DEFENSES" THAT FAIL TO PROVIDE "FAIR NOTICE"

Second, CCC further asserts a broad range of additional affirmative defenses that are entirely devoid of factual support herein.  Specifically, CCC's

- Third Affirmative Defense: Estoppel (*Id.*, 9:12-16);
- Sixth Affirmative Defense: Bad Faith (*Id.*, 10:7-10);
- Seventh Affirmative Defense: Defendant May Recover for Plaintiff's Bad Faith Claim (*Id.*, 10:11-18);
- Eighth Affirmative Defense: No Causation (*Id.*, 10:19-22);
- Ninth Affirmative Defense: Fault of Others (*Id.*, 11:1-6);
- Tenth Affirmative Defense: Mitigation of Damages (*Id.*, 11:7-12);
- Eleventh Affirmative Defense: Contributory Causation (*Id.*, 11:13-17);
- Twelfth Affirmative Defense: Unclean Hands (*Id.*, 11:13-17);
- Thirteenth Affirmative Defense: Waiver (*Id.*, 12:1-5);
- Fourteenth Affirmative Defense: Laches (*Id.*, 12:6-9);
- Fifteenth Affirmative Defense: Actions Were Privileged and Justified

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

(*Id.*, 12:10-14);

- Seventeenth Affirmative Defense: Actions Were Privileged (*Id.*, 12:20-24);
- Eighteenth Affirmative Defense: Error (*Id.*, 13:1-6);
- Nineteenth Affirmative Defense: Maintained Reasonable FDCPA Procedures (*Id.*, 13:6-11);
- Twenty-First Affirmative Defense: Statute of Limitations (*Id.*, 13:18-20);
- Twenty-Second Affirmative Defense: Maintained Reasonable Rosenthal Act Procedures (*Id.*, 13:21-25);
- Twenty-Third Affirmative Defense: Preemption (*Id.*, 14:1-3); and,
- Twenty-Fifth Affirmative Defense: Actions were Privileged (*Id.*, 14:9-13).

For the reasons discussed below, each of these affirmative defenses should be struck because none of them provide "fair notice" to White. *Smith*, 2017 U.S. Dist. LEXIS 144328, at *5. Without any facts, these defenses are entirely unintelligible rendering White unable to prepare a response to each vague affirmative defense. For example, White is not provided any information as to how CCC "was not the actual or proximate cause of [White's] damages" (Answer, 9:19-22; 11:1-7; and, 11:13-17) and cannot prepare a response as a result. As such, these Affirmative Defenses, as well as each Affirmative Defense explicitly referenced below, should also be stricken.

While CCC's pleading does not have to provide White with detailed factual allegations, CCC must at the very least give notice of the "grounds upon which it rests." *Weintraub v. Law Office of Patenaude & Felix, A.P.C.*, 299 F.R.D. 661, 665-66 citing to *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *see also Polk v. Legal Recovery Law Offices,* 291 F.R.D. 485, 490 (N.D. Cal. 2010). As District Courts

have previously explained, the affirmative defenses in this category "are not tied to any factual allegations [and] constitute 'bare statements of a legal doctrine lacking any articulated connection to the claims in the case.'" *Sims*, 2018 U.S. Dist. LEXIS 196245, at *6 citing to *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-cv-168 LHK, 2010 U.S. Dist. LEXIS 104980, at *3 (N.D. Cal. 2010); and, *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004). Likewise, these very affirmative defenses have been repeatedly struck by various District Courts.

    **3. Estoppel:** *See Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV14-609 DDP (SSx), 2014 U.S. Dist. LEXIS 117623, at *10 (C.D. Cal. Aug. 22, 2014) ("Here, the affirmative defenses at issue [including Doctrine of Estoppel] are insufficiently pleaded because they amount to 'conclusory statements asserting the existence of an affirmative defense' with no explanation as to why they are applicable.").

    **6. Bad Faith Claims; and, 7. Defendant May Recover for Plaintiff's Bad Faith Claim:** CCC's bare assertions of bad faith do not provide White with the requisite "fair notice." These simple statements are not tied to any factual allegations [and] constitute 'bare statements of a legal doctrine lacking any articulated connection to the claims in the case.'" *Sims*, 2018 U.S. Dist. LEXIS 196245. Without more, White is unable to prepare a response.

    **10. Failure to Mitigate:** *See Ross v. Morgan Stanley Smith Barney, LLC*, No. CV12-9687 ODW, 2013 U.S. Dist. LEXIS 47841 (C.D. Cal. Apr. 2, 2013) ("Fox's one-sentence defense stating 'Plaintiff has failed to mitigate his damages, if any, which are denied,' is insufficient under *Twombly/Iqbal*. Therefore the Court STRIKES Fox's Fifth Affirmative Defense.").

    **12. Unclean Hands:** *See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV11-197 RSWL (DTBx), 2011 U.S. Dist.

LEXIS 96154, at *4 (C.D. Cal. Aug. 25, 2011) citing to *CTF Dev., Inc. v. Penta Hospitality, LLC*, 2009 U.S. Dist. LEXIS 99538, at *7 (N.D. Cal. Oct. 26, 2009) (finding that "simply stating that a claim fails due to plaintiff's unclean hands is not sufficient to notify the plaintiff what behavior has allegedly given them 'unclean hands.'").

**13. Waiver:** *See Nestle USA, Inc. v. Crest Foods, Inc.*, No. LA CV16-7519 JAK (AFMx), 2017 U.S. Dist. LEXIS 136557, at *63-64 (C.D. Cal. July 28, 2017) (striking 30 affirmative defenses, including Doctrine of Waiver, "[b]ecause the affirmative defenses lack any specificity…").

**14. Laches:** *See Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV11-197 RSWL (DTBx), 2011 U.S. Dist. LEXIS 96154, at *9 (C.D. Cal. Aug. 25, 2011) citing to *Advanced Cardiovascular Sys, Inc. v. Meditronic, Inc.*, 1996 U.S. Dist. LEXIS 11700, at *4 (N.D. Cal. July 24, 1996) ("Here, the Answer and Counterclaim fails to set forth any facts regarding how Plaintiff's conduct allegedly gave rise to this defense of laches.  As laches is an equitable doctrine and 'its application depends on the facts of the particular case,' the Court finds that Defendant fails to set forth sufficient facts to give Plaintiff fair notice of the conduct giving rise to this defense.").

**15. Actions Were Privileged and Justified; 17. Actions Were Privileged; 25. Actions were Privileged:**  *See Smith v. Cobb*, No. 15-cv-176 GPC (WVG), 2017 U.S. Dist. LEXIS 83428, at *20 (S.D. Cal. 2017) (striking vague claims of privilege).

**18. Error; 19. Maintained Reasonable FDCPA Procedures; and, 22. Maintained Reasonable Rosenthal Act Procedures:** Each of these Affirmative Defenses generally claim that CCC is absolved of liability pursuant to a "bona fide error" affirmative defense.  As such, CCC bears the burden of proof to establish such a defense by showing "evidence that the violation was not intentional and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid such error." *Youssofi v. Allied Interstate LLC*, No. 15-cv-2197 GPC (JLB), 2016 U.S. Dist. LEXIS 808, at *7 (S.D. Cal. 2016). Without more than mere conclusions, these affirmative defenses should each be struck. *Youssofi*, 2016 U.S. Dist. LEXIS 808, at *8-9.

**21. Statute of Limitations:** *See J&J Sports Prods., Inc. v. Montanez*, 2010 U.S. Dist. LEXIS 137732, at *3 (E.D. Cal. 2010) (striking defendants' affirmative defense for statute of limitations based on the fact that defendants failed to plead any facts or legal theory to give plaintiff notice of how the action was barred by the statute of limitations.").

Thus, each affirmative defense in this category should be struck because CCC fails to provide any factual support of any kind at any point.

### IV.   CONCLUSION

For the foregoing reasons, White request that the Court grant White's Motion in its entirety.

Dated: March 21, 2019                                                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   ___/s/ Matthew M. Loker__
          MATTHEW M. LOKER, ESQ.
          ATTORNEY FOR WHITE

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Case # 19-cv-213 LAB (JLB)         10 of 10         *White, et al. v. Continental Central Credit, Inc.*
**PLAINTIFF NIEYSHA WHITE'S MOTION TO STRIKE DEFENDANT CONTINENTAL CENTRAL CREDIT, INC.'S AFFIRMATIVE DEFENSES**